BEFORE THE FIRST DIVISION, JULY 12, 1948

**No. 52451.**—Keystone Export and Import Co. *v.* United States, petition 6621–R (Laredo).

COLE, Judge: In this case, a petition was filed under the provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489), seeking remission of additional duties accruing by reason of the final appraised values exceeding the entered values of items of children's wearing apparel exported from Mexico, and entered at Brownsville, Texas.

The sole witness was the president and treasurer of the petitioner corporation, importer of large quantities of children's wearing apparel from Mexico. From the latter part of 1944, until May 1946, the earliest date of the three entries under consideration, all of petitioner's imported merchandise was entered at the port of New York, where its offices are located. Entries at New York were never questioned, the invoice values always being accepted as representative of dutiable value. The entries in question, dated May 31, 1946, August 23, 1946, and October 10, 1946, were made "for the sake of expediency" at Brownsville, Texas, and the merchandise was entered there at the invoice values, being the purchase prices.

The witness explained that he received from the foreign shipper samples of material, with invoices attached quoting prevailing prices, and that he, personally, went to Mexico, and purchased the wearing apparel in question at prices which he believed to be higher than what others paid because the merchandise was "made especially" for petitioner, who purchased in exceptionally large quantities. The witness stated the condition in this way: "They [the garments in question] had a special design and they were supposed to be made for us at that price and I know how they act down there—the more you buy the more you have to pay." (R. 5.)

When the customs broker at Brownsville, Texas, notified petitioner that the invoice values were not acceptable to the customs officials at the port of entry, effort was made to amend the entries and pay the increased duty accruing from the higher values found by the appraiser. The first check, petitioner's exhibit 1, forwarded by petitioner was not certified and therefore rejected by Government officials. Later, a certified check was sent, but it was received after the merchandise had been appraised and consequently too late to serve petitioner's purpose.

An exchange of correspondence (petitioner's collective exhibit 2), between petitioner and the Collector of Customs at Brownsville, Texas, is corroborative of oral testimony relating to petitioner's purported appeal for reappraisement, not accepted by the collector because it was improperly drawn.

After petitioner had offered its proof, hereinabove outlined, and rested its case, Government counsel openly recognized that the litigation concerned entries made at Brownsville, Texas, but stated "I believe it is unnecessary, however, in view of the state of the record, to transfer this case down there, and I believe that this witness has endeavored to give the court the facts as he understands them to be. I have no information which is any different from the facts."

The record before us is sufficient to find that the entry of the items of wearing apparel in question at values less than the appraised values was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to value of the merchandise.

The petition is therefore granted and judgment will be rendered accordingly.